UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

JASON HARMON, et al.,              )
                                   )
               Plaintiffs,         )
                                   )
          v.                       )    No.  4:05CV2206 FRB
                                   )
BJC HEALTH SYSTEM, et al.,         )
                                   )
               Defendants.         )

                      **MEMORANDUM AND ORDER**

     Presently pending before the Court are various motions of the parties in this cause, and specifically, defendant Barnes-Jewish Hospital's Motion to Strike or for More Definite Statement (Docket No. 4); defendant BJC Health System's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim, Motion to Dismiss Plaintiffs' Complaint for Failure to File Health Care Affidavit, Motion to Strike, or, in the Alternative, Motion for a More Definite Statement (Docket No. 6); and Plaintiffs' Motions for Leave to Amend Plaintiffs' Petition and to Remand to State Court (Docket Nos. 8, 11).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

     Plaintiffs Jason Harmon and Susanne Harmon, individually, and Susanne Harmon as next friend of G.H., a minor, brought this cause of action in the Circuit Court of the City of St. Louis, Missouri, alleging that defendants BJC Health System and Barnes-

Jewish Hospital negligently and without permission removed G.H., the newborn child of plaintiffs Jason and Susanne Harmon, from plaintiff Susanne Harmon's hospital room and delivered G.H. to another mother at the hospital at which time G.H. nursed from this other mother and ingested said other mother's breast milk. Plaintiffs also allege that Defendants have denied Plaintiffs access to some or all of Susanne's and G.H.'s medical records and have refused to provide results of tests given to G.H. to determine whether s/he contracted any disease or illness by ingesting breast milk from a mother other than her/his own.  In Counts I, II and III of their Petition, Plaintiffs bring claims of Negligence, Negligent Infliction of Emotional Distress and Child Endangerment, respectively.  In Count IV of their Petition, Plaintiffs allege Defendants' conduct in relation to medical records and test results to be in "violation of HIPAA and State laws."  Defendant BJC Health System removed the cause to this Court on November 21, 2005, invoking federal question jurisdiction inasmuch as Plaintiffs' claim under HIPAA, that is, the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d, et seq., arises under the laws of the United States.  28 U.S.C. §§ 1331, 1441(b).

Upon removal of the cause to this Court, defendant Barnes-Jewish Hospital moved to strike or sought a more definite statement of the allegations made in paragraph 16(g) of Plaintiffs' Petition to the extent Plaintiffs alleged therein that "defendants

were negligent in other ways which are not yet known but which will be revealed during discovery." Defendant BJC Health System moved to dismiss Plaintiffs' Petition for failure to state a claim arguing, first, that HIPAA does not provide a private cause of action for alleged violations of the Act; and further, that Plaintiffs cannot recover on their claims of alleged violations of state law. Alternatively, defendant BJC sought to strike and/or obtain a more definite statement of certain portions of the Petition. Subsequent to the filing of Defendants' motions, Plaintiffs sought leave to amend their Petition to omit any reference to HIPAA in Count IV and to instead seek recovery therein under only Mo. Rev. Stat. § 191.227 (2005). Plaintiffs contend that since their Amended Petition raises only state law claims, the matter should now be remanded to state court. For the following reasons, Plaintiffs' argument is well taken.

Under Fed. R. Civ. P. 15(a), a plaintiff may amend its complaint once as a matter of course before a responsive pleading is filed. A motion to dismiss is not a "responsive pleading" as contemplated by Rule 15(a). See Lockhart v. Cedar Rapids Community Sch. Dist., 963 F. Supp. 805, 810 (N.D. Iowa 1997) (citing Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995); McCrary v. Poythress, 638 F.2d 1308, 1314 (5th Cir. 1981); McDonald v. Hall, 579 F.2d 120 (1st Cir. 1978)). See also Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002). Inasmuch as a responsive pleading to Plaintiffs' Petition has not yet been filed or served, Plaintiffs are

permitted to file their Amended Petition as a matter of course. To address Defendants' motions directed to the original Petition would be error in light of Plaintiffs' Amended Petition.  Id.

A review of the Amended Petition shows Plaintiffs to raise only state law claims therein.  Inasmuch as this Court had federal question jurisdiction over the original Petition when it was removed from state court, it had supplemental jurisdiction over Plaintiffs' state law claims at that time.  28 U.S.C. § 1367(a). The filing of the Amended Petition omitting any reference to federal claims does not destroy this Court's exercise of such supplemental jurisdiction over the remaining state law claims. See generally Green v. Ameritrade, Inc., 279 F.3d 590 (8th Cir. 2002). However, the Court may decline to exercise such supplemental jurisdiction where the claims over which it had original jurisdiction have been eliminated from the case. Id.; 28 U.S.C. § 1367(c).  In removed cases where the federal claims have been eliminated subsequent to removal, the Court may in its discretion remand the remaining exclusively state law case to the state court from which it came. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988); In re Prairie Island Dakota Sioux, 21 F.3d 302, 304 (8th Cir. 1994).  The Court, in its discretion, determines to do so in this cause.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions for Leave

to Amend Plaintiffs' Petition and to Remand to State Court (Docket Nos. 8, 11) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Petition, submitted to the Court as an attachment to Docket No. 13 (docketed as "Supplemental re Motion for Leave to Amend Plaintiffs' Petition and to Remand to State Court"), shall be filed and docketed forthwith.

Upon the filing and entry upon the docket of Plaintiffs' Amended Petition,

**IT IS FURTHER ORDERED** that this cause is hereby remanded to the Circuit Court of the City of St. Louis, Missouri, for all further proceedings.

**IT IS FURTHER ORDERED** that defendant Barnes-Jewish Hospital's Motion to Strike or for More Definite Statement (Docket No. 4); and defendant BJC Health System's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim, Motion to Dismiss Plaintiffs' Complaint for Failure to File Health Care Affidavit, Motion to Strike, or, in the Alternative, Motion for a More Definite Statement (Docket No. 6) are **DENIED without prejudice** to be refiled in state court if appropriate.



UNITED STATES MAGISTRATE JUDGE

Dated this _5th_ day of June, 2006.